IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Basil Moore, | C/A No. 6:20-cv-03218-SAL |
| Petitioner, | |
| v. | |
| Nanette Barnes, Bennettsville Federal Correctional Institution, | **OPINION AND ORDER** |
| Respondent. | |

*Pro se* petitioner Basil Moore ("Petitioner"), a federal inmate, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Report and Recommendation of Magistrate Judge Kevin F. McDonald (the "Report"), ECF No. 15, recommending that Petitioner's § 2241 petition be dismissed.

## BACKGROUND

Petitioner was convicted and sentenced by the United States District Court for the Middle District of Georgia after pleading guilty to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Petitioner now argues that his § 922(g) convictions and sentences should be vacated under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Government was required to prove he had knowledge that he was in the relevant category of persons barred from possessing a firearm and failed to do so. As laid out in greater detail in the Report, Petitioner filed multiple § 2255 motions challenging his § 922(g) convictions and resulting sentences. The Magistrate Judge recommends that his § 2241 petition be dismissed because the court lacks jurisdiction to consider it. [ECF No. 15.] Petitioner filed objections, and the matter is thus ripe for ruling by the court. [ECF No. 26.]

1

## STANDARD OF REVIEW

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions

"not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, the Magistrate Judge concluded that Petitioner has not met the savings clause requirements contained in 28 U.S.C. § 2255(e), and therefore this court lacks jurisdiction to consider his § 2241 petition.

Petitioner sets forth six objections to the Report: (1) Petitioner objects to the "mischaracterization of his constitutional claims by the [Report] rephrasing his claim and then addressing only part of the claim or an entirely different claim raised by the Petitioner"; (2) Petitioner objects to an alleged misstatement in the Report's background recitation, specifically that the Report states he was charged as an armed career criminal, but he was actually charged with two counts of felon in possession of a firearm under § 922(g); (3) Petitioner objects to the Report's finding that Petitioner has not shown actual innocence, arguing that the stacking of two § 922(g) offenses was not authorized under law; (4) Petitioner objects to the Report "misstating [Petitioner] recieved [sic] a sentence for a single 922(g) conviction, when, in fact, [Petitioner] was

3

convicted of two counts felony firearm under 18 U.S.C. 922(g)"; (5) Petitioner "objects to the [Report's] findings and recommendations on the initial claim, the imposition of a consecutive sentence in accordance to Congressional mandate 18 U.S.C. § 3584(a)," asserting that the Report incorrectly applied the law; and (6) "Petitioner objects to the Conclusion of the [Report] based on the foregoing reasons stated herein, and respectfully moves this Court to reject the [Report's] findings and recommendations and remand for an evidentiary hearing before a new Magistrate Judge." [ECF No. 26.]

As an initial matter, Petitioner's first objection is generally stated, nonspecific, and conclusory. A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Petitioner argues that the Report mischaracterizes his claim but fails to identify how the Report misconstrued the claim. Furthermore, having reviewed the petition and the accompanying brief, this court finds that the Magistrate Judge properly described Petitioner's claim based on what had been presented in the petition. The court overrules this objection as it is nonspecific and thus has the same effect as would a failure to object.

In his second and fourth objections, Petitioner alleges that the Magistrate Judge misstated the facts of his case—he claims he was charged with two counts of felon in possession under § 922(g), not under § 924(e), and he notes he was convicted of two counts of felon in possession, not a single count. To the extent Petitioner is correct that he was not sentenced under § 924(e) and he had two convictions instead of one, those minor differences of fact are immaterial to the Report's jurisdictional analysis, which the court found to be very thorough. The Magistrate Judge considered whether Petitioner met the savings clause under the requirements set by *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), and

4

considered Petitioner's challenges to both his sentences and convictions. The Magistrate Judge also repeatedly recognized that the applicable statute was § 922(g) for purposes of the *Rehaif* analysis. Moreover, the Report stated Petitioner pled guilty to two counts of being a felon in possession, despite using the singular "conviction" elsewhere in the analysis. [ECF No. 15 at 1.] Because Petitioner's second and fourth objections fail to show any error in the Report's threshold jurisdictional analysis, they must be overruled.

Petitioner's third and fifth objections pertain to Petitioner's sentences—in particular, whether the stacking of sentences for § 922(g) convictions is authorized by law and whether Petitioner's sentences, being set to run consecutively, violated 18 U.S.C. § 3584(a). Although presented as objections, the sentencing concerns that Petitioner now raises appear to be attempts to add new issues. The sole issue raised in the petition was whether Petitioner's "conviction[s] and sentence[s] are unconstitutional because he actually innocent of the offense[s] based upon *Rehaif* . . . ." [ECF No. 15 at 3.] "New issues . . . are not properly presented for the first time in objections to a report and recommendation." *Hubbard v. Stirling*, Case No. 8:19-cv-01314-SAL, 2020 WL 5249231, at *2 (D.S.C. Sept. 3, 2020). The court has no duty to review these newly raised claims. *See Sullivan v. McMaster*, No. 6:18-cv-1425, 2018 WL 3727358, at *2 (D.S.C. Aug. 6, 2018) ("This is a new ground for relief, and the Fourth Circuit has explained that a district court does not have a duty to review newly raised issues in objections to a R&R."); *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (holding that there is "no obligation for the district court to hear either of the new claims . . . in objections"). Because Petitioner's third and fifth objections raise entirely new issues, they are overruled.

Petitioner's sixth objection, like his first objection, is a general objection to the Report's conclusion. The court overrules this objection as it is nonspecific and thus has the same effect as

would a failure to object. Furthermore, the court finds no error in the Report's conclusion that Petitioner cannot proceed with this action under § 2241. As explained in the Report, Petitioner cannot satisfy the requisite *In Re Jones* or *Wheeler* savings clause tests. When a petitioner contests his conviction under § 2241, he must demonstrate that § 2255 would be inadequate or ineffective to provide relief by establishing that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

> And when a petitioner challenges his sentence, he must establish that:
>
> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). If the Petitioner cannot satisfy each prong of the requisite savings clause test, the court lacks subject matter jurisdiction to consider his § 2241 petition.

As the Magistrate Judge correctly explained, Petitioner is unable to satisfy the second prong of the *Jones* or *Wheeler* tests. Regarding Petitioner's felon-in-possession conviction, no subsequent change in substantive law renders the conduct upon which the Petitioner was convicted

6

no longer criminal, as required by the *Jones* test. *See United States v. Moore*, 954 F.3d 1322 (11th Cir. 2020) (finding the omission of a *mens rea* element in an indictment for a violation of § 922(g) prior to *Rehaif* does not render the conduct itself not criminal). Additionally, as the Report noted, "the Eleventh Circuit has specifically rejected arguments that a *Rehaif* defect is jurisdictional in nature; thus, the petitioner's guilty plea is considered a waiver of any potential *Rehaif* error because it is considered a non-jurisdictional defect." [ECF No. 15 at 7 (citing *United States v. Scott*, 828 F. App'x 568, 571 (11th Cir. 2020); *Moore*, 954 F.3d at 1336–37).] And to the extent Petitioner is challenging his sentence, neither the Supreme Court nor the Eleventh Circuit have held that *Rehaif* applies retroactively on collateral review, as required by the second prong of the *Wheeler* test. *See In re Price*, 964 F. 3d 1045, 1048 (11th Cir. 2020) ("*Rehaif* did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court." (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019))); *cf. Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) (finding *Rehaif* applies retroactively on an *initial* § 2255 motion to vacate).

For the foregoing reasons, and for the reasons outlined in the Report and incorporated herein, Petitioner has not satisfied the § 2255 savings clause requirements, and the court must dismiss his § 2241 petition for lack of jurisdiction.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 15. For the reasons discussed above and in the Report, Petitioner's § 2241 petition is dismissed without prejudice and without requiring the respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

June 17, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."